Mark J. Rosenberg
Philip Braginsky
**TARTER KRINSKY & DROGIN LLP**
1350 Broadway, 11th Floor
New York, New York 10018
Tel. (212) 216-8000
Fax (212) 216-8001
mrosenberg@tarterkrinsky.com
pbraginsky@tarterkrinsky.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GCCA, LLC, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| MACCG LLC, | |
| Defendant. | |

Plaintiff GCCA, LLC by its attorneys, Tarter Krinsky & Drogin LLP, for its complaint against MACCG, LLC alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, unfair competition and trademark dilution under the Lanham Act, 15 U.S.C. 1051 *et seq.*, particularly under 15 U.S.C. §§ 1114 and 1125(a) and(c), and the common law and is based on Defendant's unauthorized use of GCCA's TAVERNA KYCLADES and TAVERNA KYCLADES and Design marks in connection with restaurant services.

## THE PARTIES

2. Plaintiff GCCA LLC ("GCCA") is a limited liability company organized and

existing under the laws of the State of New York, with a place of business at 251 62 Gaskell Road, Little Neck, New York 11362.

3. Upon information and belief, defendant MACCG LLC ("Defendant") is a limited liability company organized and existing under the laws of the State of New York with a place of business located at 400 East 14th Street, New York, New York 10009.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. §§ 1331, 1338 and 1367 with respect to an actual controversy arising under Title 15 of the United States Code.

5. This Court has personal jurisdiction over Defendant as Defendant resides and conducts significant business operations in this District and is otherwise a resident of the State of New York.

6. Venue properly lies in this District pursuant to 28 U.S.C. §§ 1391(b) and (c). Defendant resides in this District, is transacting and doing business in this District and is committing the acts complained of herein within this District.

## FACTS COMMON TO ALL CLAIMS

7. GCCA owns all of the trademarks used by TAVERNA KYCLADES Greek restaurants located in Astoria, Bayside and Manhattan, New York.

8. GCCA is owned by Ardian Skenderi and Caterina Skenderi (collectively, the "Skenderis").

9. TAVERNA KYCLADES opened in Astoria in 1996 at 3307 Ditmars Boulevard and has continuously operated under the TAVERNA KYCLADES mark since then.

10. Over the years, the TAVERNA KYCLADES restaurant located in Astoria has become one of the most highly acclaimed Greek restaurants in New York City, drawing patrons from throughout the United States.

11. In or about 2013, GCCA acquired all of the right title and interest in and to the TAVERNA KYCLADES mark and all of the goodwill associated therewith from Ardian Corp., which is owned by Caterina Skenderi and acquired the TAVERNA KYCLADES name and mark in or about 2001. GCCA, its licensees and its predecessors in interest have continuously used the TAVERNA KYCLADES mark in interstate commerce for twenty-five years in connection with restaurant services.

12. The TAVERNA KYCLADES mark is distinctive to both the consuming public and GCCA's trade.

13. Since 2013, GCCA, through its licensees, the Skenderis, has continuously used the TAVERNA KYCLADES mark at the Astoria location of TAVERNA KYCLADES, and since 2018 has continuously used the TAVERNA KYCLADES mark at the Bayside, Queens location of TAVERNA KYCLADES.

14. As a result of its widespread, continuous, and exclusive use of the TAVERNA KYCLADES mark to identify its restaurant services and GCCA as their source, GCCA owns valid and subsisting common law rights in and to the TAVERNA KYCLADES mark.

15. Since at least as early as 2011, GCCA, through its licensee the Skenderis, has been using the TAVERNA KYCLADES and Design mark depicted below at the Astoria and Bayside locations of TAVERNA KYCLADES.



16. GCCA owns U.S. Trademark Registration No. 4,583,405 for the TAVERNA KYCLADES and Design Mark for use in connection with restaurant services (the "GCCA Registration"). The GCCA Registration is valid, subsisting and incontestable. A true and correct copy of the GCCA Registration is attached hereto as Exhibit 1.

17. The TAVERNA KYCLADES and Design mark is distinctive to both the consuming public and the trade.

18. Commencing in or about 1998, the Astoria location of TAVERNA KYCLADES was featured and continues to be featured each year in the *Zagat Survey* restaurant guide that, upon information and belief, at all relevant times, has been read by residents of the Tri-State Area and beyond.

19. Commencing in 2007 and continuing through today, the Astoria location of TAVERNA KYCLADES has been the recipient of numerous favorable reviews (presently, 68 pages worth) on *Tripadvisor*.

20. Commencing in or about 2009 and continuing through today, the Astoria location of TAVERNA KYCLADES has been and continues to be the recipient of favorable reviews in the United States edition of the world-renown *Michelin Guide*.

21. The Astoria location of TAVERNA KYCLADES has been featured in the *New York Times* on multiple occasions. For example, on April 20, 2009, the Astoria location of TAVERNA KYCLADES was reviewed in the *Times* by its restaurant critic Frank Bruni. On July 28, 2009, the Astoria location of TAVERNA KYCLADES location was discussed by the *Times* in

an article by its wine critic Isaac Asimov. On July 3, 2014, the Astoria location of TAVERNA KYCLADES was mentioned in the "Sunday Routine" column of the *Times'* Metropolitan section. And, on October 29, 2014, the Astoria location of TAVERNA KYCLADES was mentioned in the "Living In" column of the *Times'* Real Estate section. (True and correct copies of the *New York Times* articles referenced above are attached hereto as Exhibits 2-5).

22. All of the reviews and media references described above were unsolicited. They were not requested or paid for by GCCA or its licensees.

23. As a result of its distinctiveness and widespread use and promotion throughout the United States, the Marks are famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c), and became famous prior to the acts of the Defendant alleged herein.

24. Prior to 2013, as a result of the long-term use and acclaim of the TAVERNA KYCLADES mark in connection with restaurant services provided by GCCA's predecessors and licensees, the Marks and restaurant services provided under the Marks became and continue to be recognized by consumers throughout at least the New York, New Jersey and Connecticut Tri-State Area to be of the highest quality. As a result, the Marks and the goodwill associated therewith are of inestimable value to GCCA.

## DEFENDANT AND ITS ILLEGAL CONDUCT

25. Defendant is a Greek restaurant located at 228 First Avenue, New York, New York.

26. Defendant was formed on or about September 12, 2013 and began providing restaurant services in or about December 2013, nearly two decades after GCCA and its predecessors-in-interest began using the TAVERNA KYCLADES mark, long after the TAVERNA KYCLADES mark became famous and acquired secondary meaning, and two years after GCCA began using the TAVERNA KYCLADES and Design mark in interstate commerce.

5

27.     From its creation until recently, Ardian Skenderi was a principal of Defendant.

28.     At or about the time Defendant was formed, GCCA gave Defendant permission to use the Marks in connection with restaurant services. At no time has there been a formal trademark license agreement between GCCA and Defendant.

29.     Since Ardian Skenderi was a principal of Defendant, he was able to ensure that the Defendant was abiding by GCCA's quality control standards.

30.     In or about late 2019, Mr. Skenderi was excluded from Defendant's operation of the TAVERNA KYCLADES location on First Avenue and stopped receiving compensation for the work he performed for Defendant.

31.     In early 2020, Mr. Skenderi believed that Defendant was no longer operating the TAVERNA KYCLADES location on First Avenue in a first-class manner or otherwise up to the standards required by GCCA. As a result, GCCA's counsel, on or about January 30, 2020, sent a letter to Defendant revoking GCCA's consent for Defendant to use the TAVERNA KYCLADES and Design Mark and demanding that Defendant cease using that mark. (A true and correct copy of the January 30, 2020 letter, misdated as January 30, 2019, is attached hereto as Exhibit 6).

32.     Despite GCCA's withdrawal of its consent for Defendant to use the TAVERNA KYCLADES and Design Mark, Defendant continued to use that mark.

33.     On March 6, 2020, GCCA's counsel sent a letter to Defendant again demanding that Defendant cease using the TAVERNA KYCLADES and Design Mark and demanding that Defendant cease using the TAVERNA KYCLADES mark. (A true and correct copy of the file copy of the March 6, 2020 letter is attached hereto as Exhibit 7).

34.     To date, Defendant has not ceased using the TAVERNA KYCLADES mark and, upon information and belief the TAVERNA KYCLADES and Design Mark. Instead, without

authorization, it continues to do business under the TAVERNA KYCLADES name and mark, and, at least until recently, prominently displayed a large sign depicting the TAVERNA KYCLADES and Design Mark and used store signage containing a confusingly similar version of the TAVERNA KYCLADES and Design Mark. An example of Defendant's recent infringing activities is shown below.



35.     Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of GCCA's trademark arights, cause confusion and deception in the marketplace, and divert potential sales of GCCA's restaurant services to the Defendant.

36.     Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to GCCA and to its valuable reputation and goodwill with the consuming public for which GCCA has no adequate remedy at law.

## FIRST CAUSE OF ACTION
### (TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §§ 1114)

37.     GCCA repeats and realleges the allegations of Paragraphs 1-36 of the Complaint as if fully set forth herein.

38. This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*, particularly under 15 U.S.C. § 1114(1), and alleges the infringement of a registered trademark.

39. GCCA is the owner of the GCCA Registration, which covers restaurant services.

40. Defendant's unauthorized use of the TAVERNA KYCLADES and Design mark in connection with services that are identical or nearly identical to the services covered by the GCCA Registration is likely to cause confusion, mistake and deception.

41. The activities of Defendant complained of herein constitute willful and intentional infringement of GCCA's registered TAVERNA KYCLADES and Design mark, as such activities have the effect of creating confusion, mistake and deception. Upon information and belief, these activities have continued despite Defendant's knowledge that such activities are in direct contravention of GCCA's rights.

42. Defendant has willfully infringed GCCA's registered TAVERNA KYCLADES and Design mark by offering and providing services that are identical or nearly identical to the restaurant services provided by GCCA's licensees under the TAVERNA KYCLADES and Design mark, all under or in connection with the TAVERNA KYCLADES and Design mark or a colorable imitation thereof, in interstate commerce in this District and elsewhere. This use is without permission or authority of GCCA and such use has been and continues to be in a manner that is likely to cause confusion, mistake and to deceive.

43. The aforesaid and continuing acts of Defendant infringe GCCA's registered TAVERNA KYCLADES and Design mark in violation of 15 U.S.C. §1114(1). Said continuing violation has caused, is causing and, unless enjoined, will continue to cause irreparable harm and

damage to GCCA and its business, reputations and goodwill and have caused GCCA to suffer monetary damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (UNFAIR COMPETITION UNDER 17 U.S.C. § 1125(a))

44.     GCCA repeats and realleges the allegations of Paragraphs 1-43 of the Complaint as if fully set forth herein.

45.     This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*, particularly under 15 U.S.C. § 1125(a), and alleges the use in commerce of false designations of origin, false descriptions, and false representations.

46.     Long prior to the acts of Defendant complained of herein, GCCA and its predecessors-in-interest extensively used its TAVERNA KYCLADES mark and TAVERNA KYCLADES and Design mark in interstate commerce to identify its services and to distinguish them from the services provided by others.  By reason of the longstanding use and worldwide fame of the Marks, these trademarks indicate to consumers and the trade that restaurant services offered under and in connection with the Marks are distributed by, originate from and are provided by GCCA.

47.     GCCA's TAVERNA KYCLADES mark TAVERNA KYCLADES and Design mark long ago acquired secondary meaning and are otherwise strong.

48.     Upon information and belief, Defendant has used and continues to use the Marks with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the reputation of GCCA and to improperly appropriate GCCA's valuable trademark rights.

49.     Defendant's use of the Marks is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's and services, and is likely to cause consumers to believe,

contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by GCCA or that Defendant is in some way affiliated with or sponsored by GCCA or in the alternative, that GCCA's services are sold, authorized, endorsed, or sponsored by Defendant or that GCCA is in some way affiliated with or sponsored by Defendant.

50. Defendant's unauthorized use of the Marks constitutes a use in interstate commerce of a false designation of origin and a false and misleading description and representation in commerce, with knowledge of the falsity, which is likely to cause confusion, mistake and deception all within the meaning and in violation of 15 U.S.C. § 1125(a).

51. Defendant's use of the Marks has caused and, unless enjoined, will continue to cause irreparable harm and damage to GCCA and its business, reputation and goodwill and has caused GCCA to suffer monetary damages in an amount not thus far determined.

52. GCCA is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**(DILUTION UNDER 17 U.S.C. § 1125(c))**

53. GCCA repeats and realleges the allegations of Paragraphs 1-52 of the Complaint as if fully set forth herein.

54. This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*, particularly under 15 U.S.C. § 1125(c), and alleges the dilution of a famous trademark.

55. The services offered and sold under the distinctive TAVERNA KYCLADES mark enjoy substantial sales and are widely recognized by the purchasing public to be of the highest

quality, offered and sold under superior merchandising and customer service conditions. As a result thereof, the TAVERNA KYCLADES mark and the goodwill associated therewith are of inestimable value to GCCA.

56. By virtue of the wide renown acquired by the TAVERNA KYCLADES mark, it has become famous, and services offered under this mark is immediately identified by the purchasing public with GCCA.

57. Long after GCCA's adoption and use of the TAVERNA KYCLADES mark and long after that mark became famous, Defendant began using and continues to use the TAVERNA KYCLADES mark in such a manner as to lessen the ability of the TAVERNA KYCLADES mark to serve as an indicator of origin.

58. The activities of Defendant complained of herein are willful and intentional and have caused the dilution of the famous TAVERNA KYCLADES mark.

59. Defendant's unauthorized use and continued unauthorized use of the TAVERNA KYCLADES mark has caused, is causing and, unless enjoined, will continue to cause irreparable harm and damage to GCCA and its respective businesses, reputation and goodwill and has caused GCCA to suffer monetary damages in an amount not thus far determined.

60. Unless restrained and enjoined, Defendant's aforesaid acts will cause GCCA irreparable harm and damage for which there is no adequate remedy at law.

### FOURTH COUNTERCLAIM
### (COMMON LAW UNFAIR COMPETITION)

61. GCCA repeats and realleges the allegations contained in Paragraphs 1-60 of the Complaint as if fully set forth herein.

62. This claim arises under the common law of this State relating to unfair competition.

63. As more fully set forth above, Defendant's unauthorized use of the TAVERNA

KYCLADES mark and the TAVERNA KYCLADES and Design mark are identical to GCCA's the TAVERNA KYCLADES mark and the TAVERNA KYCLADES and Design mark. As a result, the purchasing public and the trade are likely to attribute to Defendant the authorized use of the TAVERNA KYCLADES mark and the TAVERNA KYCLADES and Design mark as a source of origin, authorization or sponsorship of GCCA's services and therefore, to purchase Defendant's goods and services based on that mistaken belief.

64. Upon information and belief, Defendant intentionally appropriated the Marks and the goodwill associated therewith by using these marks with the intent of causing confusion, mistake, and deception as to the source of origin, relationship, sponsorship, or association of Defendant's services, and with the intent to palm off its services as that of GCCA, and, as such, Defendant has engaged in unfair competition under the common law.

65. Defendant's use of the Marks has caused and, unless enjoined, will continue to cause irreparable harm and damage to GCCA and its business, reputation and goodwill and has caused GCCA to suffer monetary damages in an amount not thus far determined.

66. By reason of such infringement, unfair competition and misappropriation and by Defendant's promotion and sale of a restaurant services in connection with the Marks, Defendant has caused, and unless restrained and enjoined will continue to cause, irreparable injury to GCCA's reputation and goodwill and otherwise damage GCCA in an amount not thus far determined.

67. Defendant's conduct in intentionally misappropriating GCCA's goodwill and engaging in unfair competition was intended to wrongfully enrich Defendant and to deliberately and willfully injure GCCA in wanton disregard of GCCA's rights and Defendant's legal obligations. GCCA is therefore entitled to an award of punitive damages in an amount of no less than $5,000,000**.**

68. Unless restrained and enjoined, Defendant's acts of infringement and unfair competition will cause irreparable harm and damage GCCA for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE,

A. Plaintiff GCCA hereby demands a judgment:

(1) Issuing a permanent injunction enjoining Defendant from:

a. using the TAVERNA KYCLADES mark and TAVERNA KYCLADES and Design mark or any other similar name or trademark that is confusingly similar to the TAVERNA KYCLADES mark and TAVERNA KYCLADES and Design mark in connection with the sale, offering for sale, promotion, advertising, marketing and provision of restaurant services;

b. conducting any activities in the United States which would constitute unfair competition with the GCCA's TAVERNA KYCLADES mark and TAVERNA KYCLADES and Design mark, or a false designation of origin of Defendant's good and services as emanating from or being associated or affiliated with, or sponsored by, GCCA;

(2) Awarding GCCA all monetary damages, pursuant to 15 U.S.C. § 1117, including reasonable attorneys' fees, and costs, which it has sustained as a consequence of Defendant's trademark infringement, unfair competition and dilution in violation of 15 U.S.C. §§ 1114 and 1125(a) and (c);

(3) Awarding GCCA enhanced damages, pursuant to 15 U.S.C. § 1117(a), due to Defendant's willful and intentional violation of GCCA's rights under the Lanham Act;

(4) Awarding GCCA all monetary damages which it has sustained as a consequence of Defendant's violation of the New York common law of unfair competition;

(5) Awarding GCCA punitive damages in an amount of no less than $5,000,000, based on Defendant's deliberate and willful conduct; and

(6) Granting such other and further relief as the court deems just and proper.

## JURY DEMAND

Defendants demand a trial by jury.

Dated: New York, New York
June 8, 2021

TARTER KRINSKY & DROGIN LLP

By:  /s/ Mark J. Rosenberg
  Mark J. Rosenberg

*Attorneys for Plaintiff*