UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GCCA, LLC,<br>Plaintiff-Counterclaim Defendant,<br><br>v.<br><br>MACCG, LLC,<br>Defendant-Counterclaim Plaintiff. | Civil Action No. 1:21-cv-05022-JGK<br>**STIPULATED PROTECTIVE ORDER** |

WHEREAS Plaintiff-Counterclaim Defendant GCCA, LLC ("GCCA"), and Defendant-Counterclaim Plaintiff MACCG, LLC (MACCG), parties to the above reference trademark infringement litigation (collectively the "Parties"), consider certain information and documents in their possession to be confidential and proprietary including, *inter alia,* sensitive financial, commercial, business and personal information, and expect that such confidential and proprietary information are or will encompassed by discovery demands made to each other,

WHEREAS the parties therefore desire that a protective order limiting the use, access to, and disclosure of such information and documents be entered,

WHEREAS the parties, through their undersigned counsel, have stipulated to the entry of this Protective Order pursuant to Federal Rule of Civil Procedure 26(c), and the Court having reviewed the terms of the same, and good cause has been shown for the entry of this Protective Order,

IT IS HEREBY ORDERED that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the production and use of information and documents produced or made available in this matter shall proceed in accordance with the following terms:

1. Any party to this litigation shall have the right to designate as "Confidential" and subject to this Protective Order any information, document, or thing (including without limitation, paper or electronic documents, written discovery responses, deposition testimony or exhibits), or portion of any document or thing, that contains trade secret information or that the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

2. Any party to this litigation shall have the right to designate as "Attorneys' Eyes Only" any information, document, or thing that contains highly sensitive business or personal information the disclosure of which is highly likely to cause significant harm to an individual, or to the business, or to the competitive position of the designating party.

3. Confidential material, and the contents of Confidential material, may be disclosed only to the following individuals under the following conditions:

    a. Outside counsel who represent a party in this action, and their office staff including, without limitation, secretaries, paralegals, law clerks and other support staff employees working on the case,

    b. Officers, directors, and/or employees of GCCA and MACCG expressly designated by each party. As a condition precedent to disclosure of Confidential information to any representative, the representative must acknowledge receipt and understanding of this Protective Order, agree to be bound thereby, and execute a declaration in the form annexed hereto as Exhibit A,

    c. Outside independent experts or consultants retained by outside counsel for purposes of this action. As a condition precedent to disclosure of Confidential or Attorneys Eyes Only documents, things, or information to any such expert or consultant, the expert

or consultant must acknowledge receipt and understanding of this Protective Order, agree to be bound thereby, and execute a declaration in the form annexed hereto as Exhibit A.

Counsel who retained the expert or consultant shall forward a copy of the executed declaration, along with a copy of the expert or consultant's current *curriculum vitae*, a list of cases in which the expert or consultant has testified, and the identities of the companies and persons for whom the expert or consultant has consulted within the past five years, to counsel for the producing party at least ten (10) business days prior to the proposed disclosure of Confidential or Attorneys' Eyes Only information to such expert or consultant. If the producing party objects to the proposed disclosure within ten (10) business days after receipt of the notice of it, the disclosure may not be made to such expert or consultant. If the parties are unable to reach any agreement over the disclosure of Confidential or Attorneys' Eyes Only information to the expert or consultant, counsel for the requesting/receiving party may subsequently move the Court for an order approving disclosure of any Confidential or Highly Confidential information to the expert or consultant as to which notice of objection has been served. The Confidential or Attorneys' Eyes Only information shall not be disclosed to the expert or consultant until the Court rules or the parties agree that such disclosure may be made. The burden shall be on the requesting/receiving party to show the Court why the disclosure should be permitted.

    d.    Any individual who has been identified as a witness through a notice of deposition, including an individual designated to testify as a corporate representative pursuant to Rule30(b)(6) of the Federal Rules of Civil Procedure, may be shown or examined on confidential information if the party receiving the notice believes in good faith that the individual needs to review the Confidential information to be fully prepared to offer testimony in the prosecution or defense of this action. Any such person must

acknowledge receipt and understanding of this Protective Order, agree to be bound thereby, and execute a declaration in the form annexed hereto as Exhibit A. A copy of the declaration must be given to the opposing party before access is allowed to Confidential information.

e. Vendors retained by or for the parties to assist counsel in preparing for pretrial discovery trial or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals retained to prepare demonstrative aids for use in the courtroom depositions, or mock jury sessions, as well as their staff and clerical employees whose duties and responsibilities require access to such materials,

f. Court or court personnel, and

g. Any other person designated as qualified to receive Confidential information by order of the Court after notice to all parties or who by written agreement of the parties is designated as a person qualified to receive Confidential information. Any such person must acknowledge receipt and understanding of this Protective Order, agree to be bound thereby, and execute a declaration in the form annexed hereto as Exhibit A. A copy of the declaration must be given to the opposing party before access is allowed to Confidential Information.

4. Documents or things produced and marked "Attorneys' Eyes Only" may be disclosed only to outside counsel for the receiving party, the Court, and expert consultants retained in this proceeding. Outside counsel may not disclose information designated "Attorneys' Eyes Only" to their client except with the written consent of the producing party or order of the Court.

5. All documents or things produced in this matter shall be accorded the protections of this Protective Order if affirmatively designated as "Confidential" or "Attorneys' Eyes Only." Documents and things produced which contain Confidential information shall be designated as such by marking each page of the document or thing at or before the time of production

4

substantially as follows: **"CONFIDENTIAL"** or **"CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER"** or **"ATTORNEYS' EYES ONLY"** or **"ATTORNEYS' EYES ONLY – PURSUANT TO PROTECTIVE ORDER"**. In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged, before or after an inspection of the originals by the other party. The designation of material as Confidential or Attorneys' Eyes Only constitutes a representation by the designating party and its counsel that they, in good faith, believe that the material so designated contains or constitutes information which is properly the subject of this Protective Order.

6. Third parties producing documents or things in the course of this litigation may also designate the documents or things as Confidential or Attorneys' Eyes Only subject to the same protections and constraints as the parties to this litigation. All documents and things produced by such third parties shall be treated as Attorneys' Eyes Only for a period of 10 days from the date of their production to any party in this litigation, regardless of the designation on the documents or things by the third party, so the parties have sufficient time to review the documents and things and determine whether they contain Confidential information of any party, who shall provide evidence supporting such designation if requested by the other party.

7. Information disclosed at the deposition of a party, or one of its present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this litigation as well as third parties, may be designated as Confidential or Attorneys' Eyes Only Information by indicating on the record at the deposition that the particular testimony is Confidential or Attorneys' Eyes Only information and subject to the provisions of this Protective Order or by designation by page and line number within 30 calendar days after receipt of the deposition transcript, which period may be extended by agreement of the parties No such

deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4 and the deponent during the 30 day period and no individual attending the deposition shall disclose the contents of the deposition to any individual other than the individuals described in Paragraph 3 during the 30 day period. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody and control to be appropriately marked and limit disclosure of the transcript in accordance with Paragraph 5. To the extent any portion of the deposition is not designated as Confidential or Attorneys Eyes Only within thirty (30) calendar days after the deposition or such extended period agreed upon by the parties, it shall be considered not confidential.

8. A witness at a deposition or trial may be shown any document or thing that contains or reveals information marked Confidential or Attorneys' Eyes Only, provided the document was authored by or received by the witness, the witness was involved in the subject matter described therein, or provided that the producing party consents to such disclosure. In addition, a witness may be shown any document that contains or reveals information marked Confidential or Attorneys' Eyes Only if the witness is an officer, director, or employee of the producing party or held such a position during the time frame of the document, or if the witness is designated by the producing party as a Rule 30(b)(6) witness on a topic to which the document containing or revealing information marked Confidential or pertains.

9. If a deposition concerns Confidential or Attorneys' Eyes Only information, the producing party shall have the right to exclude from the portion of the deposition concerning such information any person not authorized in accordance with Paragraph 3 or 4 hereof to have access to such information.

10. Designation of documents or things as Confidential or Attorneys' Eyes Only is a representation by the designating party that there is a valid basis for such designation.

6

Notwithstanding the foregoing, the failure to designate documents or things as Confidential or Attorneys' Eyes Only shall not be used against any party as an admission or concession that the documents or things are not eligible for designation, nor shall it constitute, be construed as, or have the effect of, a waiver of any kind.

11. In the event any producing party produces Confidential or Attorneys' Eyes Only documents or things that have not been designated as such or are not correctly designated, the producing party may designate or re-designate those documents or things to the same extent as it may have designated them before production, by a subsequent notice in writing specifically identifying the re-designated documents or things, in which event the parties shall henceforth treat such documents or things in accord with this Protective Order, and shall undertake their best efforts to correct any disclosure of such documents or things contrary to the re-designation, including retrieving any documents or things from persons not qualified to receive them under the re-designation and informing such persons that they should not further use or disseminate the information therein. The receiving party shall also attempt, in good faith, without undue burden, to retrieve and return or destroy all copies of the documents in electronic format. No demonstration or proof of error, inadvertence, or excusable neglect by the designating party shall be required for such re-designation. The producing party shall provide properly re-designated copies of the documents or things. To the extent any receiving party disputes the re-designation, it may challenge it in accordance with the procedures provided in Paragraph 12 hereof. Nothing contained herein shall relieve a party from exercising and using reasonable precautions, to prevent inadvertent or unintentional disclosure without designation of that party's Confidential or Attorneys' Eyes Only information.

12. A party shall not be obligated to challenge the propriety of a designation of Confidential or Attorneys' Eyes Only at the time made, and a failure to do so shall not preclude a

subsequent challenge thereto. In the event counsel for a party receiving documents or things designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any such items, counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or things in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 calendar days and shall state with particularity the grounds for asserting that the document or thing is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or non-party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

13. If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or thing cannot be resolved by agreement, the producing party shall have 14 calendar days from the date the party opposing the designation confirms in writing an impasse, or a longer time as allowed by the Court, to file a motion pursuant to Rule 26 of the Federal Rules of Civil Procedure to continue the designation. Until the motion is resolved by the Court, the designated documents or things at issue shall continue to have the protections afforded by this Order. If the producing party fails to file a motion within 14 days or within the time allowed by the Court, then the documents or things that were the subject of the dispute shall no longer be entitled to protection under this Order. In the event of such a dispute, the party designating documents or things as Confidential or Attorneys' Eyes Only bears the burden of justifying that designation.

14. All Confidential and Attorneys' Eyes Only documents or things shall be used by the receiving party solely for purposes of the prosecution or defense of this action and shall not be used by the receiving party for any business, commercial or competitive purposes, personal or

purposes other than in connection with this litigation. Documents or things designated as Confidential or Attorneys' Eyes Only shall not be disclosed or made available by the receiving party to anyone other than those set forth in Paragraph 3 hereof, and documents or things designated as Attorneys Eyes Only shall not be disclosed or made available by the receiving party to anyone other than those set forth in Paragraph 4 hereof.

15. In the event that counsel for a party believes it is necessary to disclose any Confidential or Attorneys' Eyes Only information to, respectively, any person not qualified under Paragraph 3 or 4 to receive it, said counsel shall notify counsel for the producing party in writing of: (a) the specific information, documents or testimony proposed to be disclosed; and (b) the person(s) to whom such disclosure is proposed to be made. If the parties reach an agreement regarding such disclosure, such agreement shall be confirmed or stated in writing between the parties and then the disclosure may be made. If agreement cannot be reached, the party desiring to disclose the Confidential or Attorneys Eyes Only information must refrain from doing so unless such party obtains a court order authorizing such disclosure.

16. If another court or an administrative agency issues a subpoena or orders production of any document, thing, or information designated as Confidential or Attorneys' Eyes Only received by a party pursuant to this Protective Order, or if such production is otherwise required by law or court order, the receiving party shall promptly notify the producing party regarding such subpoena or order to allow the producing party to take such action as may be appropriate to protect the confidentiality of the document, thing, or information designated as Confidential or Attorneys Eyes Only.

17. If any party files any pleading, brief, declaration, or other document that discloses the substance or content of any Confidential or Attorneys' Eyes Only information (including confidential portions of documents or transcripts) in connection with any motion or other written

submission, hearing, or trial in this action, the filing party shall make such filing under seal, or otherwise restrict public access to those materials, and shall simultaneously file a motion to seal such Confidential or Attorneys' Eyes Only information in accordance with Section VI of this Court's Individual Rules and Practice and ECF Rules & Instruction Section 6. The burden of proving that such Confidential or Attorneys' Eyes Only information should be sealed shall at all times remain on the party that designated the Confidential or Attorneys' Eyes Only information as such.

18. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving reasonable notice and opportunity to object to the producing party and as directed by the Court.

19. No information that is in the public domain or which is already known by the receiving party through proper means, or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Attorneys' Eyes Only information under this Protective Order.

20. The production of documents or things under the terms of this Protective Order in response to a request by an opposing party shall not be construed as an agreement or admission: (a) that all of the information provided is accurate or complete; (b) that any information, document, or the like designated as Confidential or Attorneys' Eyes Only is in fact a trade secret or otherwise confidential and proprietary to a party; or (c) with respect to the competency, relevance, materiality, admissibility, privilege, or immunity of any such information, document or the like. This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.

21. Should any document or thing marked Confidential or Attorneys' Eyes Only be disclosed by a receiving party to any person not authorized at the time of disclosure to have access to such information under this Protective Order, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform outside counsel for the party whose protected information has been disclosed all known relevant information concerning the nature and circumstances of the disclosure. The responsible party shall also promptly: (a) take all reasonable efforts to obtain the prompt return of any such Confidential or Attorneys' Eyes Only document or thing; (b) within five (5) business days of the discovery of such disclosure, inform such person of the provisions of this Protective Order; and (c) request such person sign a declaration in the form annexed hereto as Exhibit A. If executed, the declaration shall be served upon counsel of record for the producing party within three (3) business days of its receipt by the receiving party. The responsible party shall also promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such information is made. Each party shall cooperate in good faith in that effort. The requirements set forth in this Paragraph shall not prevent the producing party from applying to the Court for further or additional relief.

22. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the producing party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders that such disclosure can or shall be made *sua sponte* or upon the motion of a party.

23. This Protective Order shall survive the final termination of this action with respect to any document or thing designated as Confidential or Attorneys' Eyes Only and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order

24. Within sixty (60) days after the conclusion of this litigation (whether by the filing of a stipulated dismissal or the entry of a voluntary dismissal, a final non-appealable order

11

disposing of this case, or the expiration of the time for any appeal following a final order disposing of this case), including all appellate proceedings, all documents, things, and other information produced or designated as Confidential or Attorneys' Eyes Only, including extracts and summaries thereof, and all reproductions thereof, shall be returned to the producing party or shall be destroyed, at the option of counsel in possession of such copies, except that the office of each principal counsel may retain one archival copy of pleadings, briefs, motions, deposition transcripts, deposition exhibits, discovery requests and responses, Court transcripts, Court exhibits, and other submissions to the Court, including any material or information designated as Confidential or Attorneys' Eyes Only that is contained therein.

25. The inadvertent production or disclosure of any document or thing otherwise protected by the attorney-client privilege or work-product immunity shall not operate as a waiver of any such privilege or immunity if, after learning of the inadvertent production or disclosure, the party who made the inadvertent production or disclosure sends to any Receiving Party a written request for the return or destruction of such documents or things. Upon receiving such a request, the Receiving Party shall immediately take all necessary steps to return or destroy such documents or things, including all copies and electronic copies, and make a written certification to the Producing Party of such compliance. If the Receiving Party disclosed the inadvertently produced document or thing before being notified by the Producing Party, it must take reasonable steps to retrieve the inadvertently produced document or thing. Furthermore, if a Receiving Party discovers that it has come into possession of information that it reasonably should understand would be subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity privilege, and which reasonably appear under the circumstances to have been produced inadvertently, the Receiving Party will give immediate notice to the Producing Party. If the Producing Party then confirms that the documents or things are subject to a claim of privilege

or other protection and were inadvertently produced, the Receiving Party shall gather and return al copies of such documents, things or information to the Producing Party. The Producing Party shall then provide a privilege log for the inadvertently produced documents or things to the extent that they are otherwise responsive to a discovery request. If the receiving party thereafter wishes to challenge the claim that the information would have properly been subject to a privilege or immunity before it was inadvertently produced, it must notify the producing party of its challenge within ten (10) business days of receiving the notice of inadvertent production. Unless the parties agree otherwise, the receiving party must move the Court for a ruling on the propriety of the claim of privilege or immunity within fifteen (15) business days of receiving the notice of inadvertent production. If such a motion is filed, the Producing Party shall have the burden of proving the documents and things in dispute are protected by the attorney-client privilege or work product immunity.

26. If any person violates or threatens to violate the terms of this Protective Order, the aggrieved party may immediately apply to obtain injunctive relief against such person. Any person who violates this protective order may be subject to sanctions, including injunctive relief, contempt orders, monetary damages, or other penalties to be determined by the Court.

27. This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms. Nothing herein shall prevent any party or nonparty from seeking additional or different relief from the Court not specified in this Protective Order. No modification of this Protective Order that adversely affects the protection

13

of any document or thing produced by a person shall be entered without first giving the person appropriate notice and an opportunity to be heard.

Dated:

| ATTORNEYS FOR PLAINTIFF-<br>COUNTERCLAIM DEFENDANT | ATTORNEYS FOR DEFENDANT-<br>COUNTERCLAIM PLAINTIFF |
|---|---|
| _/s/ Jont Bd_ | _/s/ Vanna A._ |
| **TARTER KRINSKY & DROGIN LLP** | **ROYER COOPER COHEN BRAUNFELD LLC** |
| 1350 Broadway<br>New York, New York 10018<br>Telephone: (212) 216-8000<br>Facsimile: (212) 216-8001 | 1120 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 994-0454<br>Facsimile: (212) 362-2630 |

IT IS SO ORDERED this __14__ day of __January__, 2022

_/s/ John G. Koeltl_
THE HONORABLE JOHN G. KOETL
United States District Judge
Southern District of New York

*This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.*

*So ordered*
*/s/ JGKoeltl*
*1/14/22  USDJ*

14

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GCCA, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>MACCG, LLC,<br><br>    Defendant. | Civil Action No. 1:21-cv-5022 JGK<br><br>**AGREEMENT TO COMPLY WITH AND BE BOUND BY PROTECTIVEORDER** |

  I, _____, being duly sworn, state that:

  1. My address is _____.

  2. My present employer is _____ and the address of my present employment is _____.

  3. My present occupation or job description is _____.

  4. I have carefully read and understood the provisions of the Protective Order entered in this case by the Court, a copy of which has been given to me.

  5. I agree to comply with and be bound by the provisions of the Protective Order, including that upon receipt of any Confidential or Attorneys' Eyes Only information, I will be personally subject to the Protective Order and to all of its requirements and procedures.

  6. I agree that I will be subject to the jurisdiction of the United States District Court for the District of New York for purposes of enforcement of the Protective Order.

  7. I will hold in confidence and not disclose to anyone not qualified under the

Protective Order any Confidential or Attorneys' Eyes Only documents or things or any words, summaries, abstracts, or indices of Confidential or Attorneys' Eyes Only documents or things that are disclosed to me.

8. I will use Confidential and Attorneys' Eyes Only information disclosed to me solely in the above-captioned action. I understand that unauthorized disclosure of any designated Confidential or Attorneys' Eyes Only information, or its use for any purpose other than this litigation, may constitute contempt of this Court and may subject me to sanctions or other remedies that may be imposed by the Court and/or potential liability in a civil action for damages by the producing party.

9. No later than the final conclusion of the case, I will destroy all Confidential or Attorneys' Eyes Only documents, things and summaries, abstracts, and indices thereof which come into my possession, or which I have prepared relating thereto. In the alternative, I can return all such Confidential or Attorneys' Eyes Only documents, things and summaries, abstracts, and indices thereof which come into my possession, or which I have prepared relating thereto to counsel for the party by whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ at _____.

_____