UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GCCA, LLC,

                    Plaintiff,

          - against -

MACCG, LLC,

                    Defendant.

21-cv-5022 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

In this action for trademark infringement, nonparty William Pappas moves to intervene in order to assert counterclaims derivatively on behalf of the defendant, MACCG, LLC ("MACCG"), a limited liability company in which Pappas holds a 50% interest. Pappas seeks to amend the pleadings to assert new counterclaims for unjust enrichment, breach of fiduciary duty, and aiding and abetting a breach of fiduciary duty against the plaintiff, GCCA, LLC ("GCCA") and to join a new counterclaim defendant, Ardian Skenderi.

For the following reasons, the motion to intervene to amend the pleadings is **denied**.

                    I.

Unless otherwise noted, the following facts are taken from the Complaint. ECF No. 1.[1]

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

GCCA and MACCG are both limited liability companies organized in New York. GCCA alleges that it owns the "TAVERNA KYCLADES" trademark (the "Trademark"), used by three Greek restaurants in Astoria, Bayside, and Manhattan, in New York City, which it acquired in 2013. Compl. ¶ 7, 13. GCCA is owned by Ardian and Caterina Skenderi (the "Skenderis"). Id. ¶ 8.

MACCG owns the Taverna Kyclades restaurant in Manhattan. Id. ¶ 25-26. From its formation "until very recently," Ardian Skenderi was a principal of MACCG along with Pappas. Id. ¶ 27. At the time MACCG was formed, GCCA gave MACCG permission to use the Trademark "in connection with" the Manhattan restaurant, but alleges that "[a]t no time has there been a formal trademark license agreement between GCCA and [MACCG]." Id. ¶ 28. In 2019, Ardian Skenderi allegedly "was excluded from" MACCG's operations and no longer operated as its principal. Id. ¶ 30.

In early 2020, GCCA sent MACCG a letter revoking MACCG's permission to use the Trademark in connection with the Manhattan restaurant, and demanding that MACCG cease using the Trademark. Id. ¶ 31. GCCA alleges that, despite this, MACCG continued to use the Trademark. Id. ¶ 32. On March 6, 2020, GCCA sent a subsequent letter to MACCG requesting that it cease using the Trademark. Id. ¶ 33. GCCA brought this current action to resolve the parties' dispute over the ownership of and rights to use the Trademark.

Pappas alleges that MACCG "very recently learned that" the MACCG and Skenderi "were all named as co-defendants in a separate lawsuit relating to the Fair Labor Standards Act [FLSA]." ECF No. 72-1, ¶ 40. Pappas alleges further that he "had no knowledge of the FLSA litigation until several weeks [prior to the filing of this motion]." Id. Pappas also alleges that Skenderi, "through [his] alter ego GCCA and with the assistance of [his wife], also repeatedly used the MACCG American Express credit cards to purchase food products for all three GCCA restaurants without reimbursing MACCG for the food products purchased for the other restaurants," and that "MACCG only very recently learned of this fact, while reviewing American Express statements produced by GCCA . . . on August 16, 2022." Id. ¶ 71. Pappas also alleges that Skenderi "recently filed a trademark application" to use the Trademark in connection with a wine and olive oil business, and alleges that this was improper because "MACCG is the owner of" the Trademark. See id. ¶¶ 75-78.

On August 9, 2021, MACCG filed an Answer to the Complaint, which asserted several counterclaims. ECF No. 10. On August 30, 2021, this Court issued a Scheduling Order setting September 17, 2021, as the deadline for joinder of additional parties and amendment of pleadings. ECF No. 13. On July 29, 2022, the parties submitted a joint letter confirming that discovery "had been closed" by April 2022, one month before May 17, 2022, when

a settlement conference had been scheduled. ECF No. 59. The last depositions in this case were taken on October 3, 2022 and October 13, 2022, of William and John Pappas. Pl.'s Opp., ECF No. 85, at 6. Two weeks later, on October 27, 2022, William Pappas filed this motion to intervene to amend the pleadings asserting counterclaims derivatively on behalf of MACCG. ECF No. 70. Pappas seeks to amend the pleadings to assert additional counterclaims for unjust enrichment, breach of fiduciary duty, and aiding and abetting a breach of fiduciary duty against GCCA and Skenderi, a proposed counterclaim defendant. See ECF No. 72-1, ¶¶ 91-109.[2]

## II.

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course within a certain time frame, which Pappas is not within, and otherwise "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. Ordinarily, under Rule 15(a), "mere delay is not, of itself, sufficient to justify denial of a Rule 15(a) motion." Parker v. Columbia Pictures Indus., 204 F.3d 326, 339 (2d Cir. 2000) (Sotomayor, J.). However, Federal Rule of Civil Procedure 16(b) "directs district

---

[2] Skenderi should actually be a third party defendant because he is not a plaintiff.

court judges to set scheduling orders limiting the time to make"
amendments to the pleadings. Id. Rule 16(b) provides that once a
district judge has issued a scheduling order, the "schedule may
be modified only for good cause and with the judge's consent."
Fed. R. Civ. P. 16(b)(4).

When Rules 15(a) and 16(b) conflict, then Rule 16(b) takes
priority. See Parker, 204 F.3d at 340. The deadline set by the
scheduling order determines the last date that a party may amend
a pleading, and "a district court does not abuse its discretion
in denying leave to amend the pleadings after the deadline set
in the scheduling order where the moving party has failed to
establish good cause." Id. For purposes of Rule 16(b), "a
finding of 'good cause' depends on the diligence of the moving
party." Id. The proposed amendment also must not "significantly
prejudice the nonmoving party." Werking v. Andrews, 526 F. App'x
94, 96 (2d Cir. 2013). An amendment is likely to prejudice the
nonmoving party "where the parties have already completed
discovery and the defendant has moved for summary judgment." Id.
(collecting cases).

On August 30, 2021, this Court entered a scheduling order
in this case setting September 17, 2021 as the deadline for
joinder of additional parties and amendment of pleadings. ECF
No. 13. Accordingly, Pappas must establish good cause as to why
the scheduling order should be amended almost two years after

the deadline to join additional parties and amend pleadings has passed and after discovery had closed.

In this case, Pappas has failed to show diligence. A moving party fails to show diligence if the moving party failed to bring a claim when "the information necessary to support" the proposed amendment was available, and before the deadline set by the scheduling order had passed. Parker, 204 F.3d at 341. The plaintiff represents that "[d]ocuments relating to the [FLSA] lawsuit were produced by [MACCG] on September 28, 2022," demonstrating that, by that date, MACCG knew of the FLSA lawsuit. Pl.'s Opp. at 15. MACCG also knew of the allegedly suspicious charges by March 2022, when it requested the plaintiff's American Express credit card charge records that were otherwise unrelated to the trademark dispute in this case, and which the plaintiff produced in August 2022. Finally, the plaintiff filed its trademark application for its wine and olive oil business on April 6, 2022, and the defendant and Pappas represent that they "discovered the trademark application in July 2022." Pappas Reply, ECF No. 87, at 3 n.1. Accordingly, by August 2022, Pappas had "the information supporting the proposed amendment," but failed to act. Id. Instead, Pappas waited over two months before filing his motion to intervene, long after

discovery had closed and the parties had taken their final depositions.[3]

Moreover, the proposed amendment would substantially prejudice the plaintiff. The parties have represented that discovery was completed by April 2022, ECF No. 59 at 3, and that all depositions were taken by October 2022, ECF No. 60. Allowing the amendment would require the plaintiff to engage in additional discovery and renew some of the depositions it has already taken to address the new counterclaims asserted. See Krumme v. WestPoint Stevens Inc., 143 F.3d 71, 88 (2d Cir. 1998) (finding a denial of leave to amend appropriate where the "case was near resolution and discovery had been completed"). Amending the pleadings at this stage would also unnecessarily "delay the final disposition of the action" because the case is ready for motions for summary judgment and, if necessary, trial. See H.L. Hayden Co. v. Siemens Med. Sys., 112 F.R.D. 417, 419 (S.D.N.Y. 1986) (collecting cases).

Pappas is free to bring the additional counterclaims in another case. This case involves only the trademark dispute

---

[3] The scheduling order set September 17, 2021 as the deadline for joinder of additional parties and amendment of pleadings. Accordingly, by August 2022, the deadline set by the scheduling order had long passed. Moreover, Pappas did not demonstrate diligence because of the significant delay between the time he had knowledge sufficient to move to intervene and bring additional claims and the time he actually filed his motion to intervene.

between GCCA and MACCG. The claims that Pappas seeks to assert against Skenderi arise out of a business dispute between the two business partners regarding allegedly improper payments and withholding information of the FLSA litigation. This business dispute does not "arise out of the transaction or occurrence that is the subject matter" of this case beyond nominally involving the corporate parties, GCCA and MACCG. Fed. R. Civ. P. 13(a). To arise out of the same transaction or occurrence, "the essential facts of the claims must be so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Jones v. Ford Motor Credit Co., 358 F.3d 205, 209 (2d Cir. 2004). But the fact that Pappas' claims involves the same parties does not require the joinder of those claims. See Phoenix Bulk Carriers, Ltd. v. Am. Metals Trading, 742 F. Supp. 2d 486, 490 (S.D.N.Y. 2010) (finding no logical relationship where "the claims and counterclaims both relate to charter contracts to which plaintiff and defendant are the only parties" because "[t]he evidence needed to successfully prosecute the claims and counterclaims will plainly differ"). In effect, Pappas's assertion of the new claims seeks to use this case as a vehicle to litigate his personal disputes with Skenderi. But nothing about those claims is so inextricably intertwined with the

trademark dispute at issue in this case such that the all of the claims must be tried together.

Pappas has failed to show good cause to amend the scheduling order as required by Federal Rule of Civil Procedure 16. Moreover, any proposed amended pleading would substantially prejudice the plaintiff in this case. Accordingly, the motion to intervene to file amended counterclaims is **denied**.[4]

## CONCLUSION

The Court has considered all the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the motion to intervene to file amended counterclaims derivatively

---

[4] Because the motion to amend the pleadings is denied, there is no reason that Pappas or Skenderi should be joined as parties in this case, and Pappas's motion to intervene and to join Skenderi as a counterclaim defendant is **denied as moot**. In any event, Pappas does not satisfy the requirements for intervention provided by Federal Rule of Civil Procedure 24. Rule 24 provides that an intervenor may intervene as of right if that party "claims an interest relating to the property or transaction that is the subject of the action," and whose interest would not be adequately represented absent intervention, or intervene permissively if that party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(a)-(b). In this case, MACCG, a limited liability company owned jointly by Pappas, can adequately represent Pappas' interest in the trademark dispute, and for the reasons described above, the counterclaims asserted do not share a common question of law or fact with the trademark dispute in this case.

on behalf of MACCG is **denied**. The Clerk is directed to close ECF

No. 70.

**SO ORDERED.**

**Dated:**   **New York, New York**
       **June 2, 2023**

                                    John G. Koeltl
                            United States District Judge