USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GCCA, LLC,

        Plaintiff,

-against-

MACCG LLC,

        Defendant.

21-CV-5022 (JGK) (BCM)

**ORDER REGARDING FEE APPLICATION**

**BARBARA MOSES, United States Magistrate Judge.**

Now before the Court is a letter-motion filed by plaintiff and counter-defendant GCCA, LLC (GCCA) on October 31, 2022 (Pl. Ltr.) (Dkt. 75, refiled at Dkt. 78), seeking an attorneys' fee award in the amount of $30,608.50, pursuant to Fed. R. Civ. P. 37(a)(5)(A), in connection with this Court's Order dated September 21, 2022 (the 9/21/22 Order) (Dkt. 68), which directed defendant and counterclaim plaintiff MACCG LLC (MACCG) to produce certain loan-related documents in discovery. For the reasons that follow, the fee motion will be denied.

## Background

Discovery in this trademark infringement action was contentious, requiring frequent judicial intervention.[1] On August 29, 2022, towards the end of the fact discovery period, GCCA reported that the parties had resolved "almost all of [their] outstanding discovery issues," but moved to compel MAACG to produce all remaining financial documents "responsive to Request

---

[1] In some instances, the Court was required to rein in over-aggressive discovery tactics by GCCA. For example, on January 31, 2022, I quashed two deposition subpoenas that GCCA served, without basis, on MACCG's attorneys – including its counsel of record in this action. (Dkt. 34.) And on March 22, 2022, although I denied a motion to quash GCCA's document subpoena addressed to MACCG's non-party bank, I found the subpoena overbroad and narrowed it accordingly. (Dkt. 46.) In other instances, the Court was required to order both GCCA and MACCG to meet their basic discovery obligations, such as meeting and conferring before making discovery motions (Dkt. 52 at 1, Dkt. 60 ¶ 6, Dkt. 62 at 2), producing copies of documents received via non-party subpoenas (Dkt. 60 ¶ 2), serving responses and objections to document production requests in compliance with Fed. R. Civ. P. 34(b)(2)(C) (Dkt. 52 ¶ 2), and timely supplementing those responses and objections as required by Fed. R. Civ. P. 26(e)(a). (Dkt. 60 ¶ 6.) No fees were awarded in connection with any of these discovery orders.

Nos 9 and 31 of Plaintiff's First Set of Requests for the Production of Documents." Pl. 8/29/22 Ltr. (Dkt. 63) at 1. Request 9 sought:

> 9. All quarterly and annual financial statements of MACCG, whether audited or unaudited, including but not limited to:
>
>    a. Yearly profit and loss statements,
>    b. Income statements,
>    c. Balance sheets,
>    d. Cash flow statements,
>    e. Operating statements that are used in the ordinary course of business,
>    f. Statement in change of equity, and
>    g. Any other financial accounting and operating statements that provide revenue and costs for MACCG and/or associated with the operation of [MAGGC's] restaurant.

*See id.* at 1-2. Request 31 sought:

> 31. All analyses, studies, reports, forecasts, budgets, or other documents concerning the projected sales and/or profits of [MACCG's] Restaurant.

*See id.*

In its supplemental objections and responses to GCCA's document production requests, served on August 22, 2022, MACCG stated that all responsive documents had been produced (either by it or by its accountants), and that it was "not withholding documents" responsive to Request 9 or Request 31. MACCG Suppl. Resp. (Dkt. 63-1) at 7, 17. In their letter-briefs, and again during a discovery conference before me on September 21, 2022, the parties debated whether these statements were accurate.

GCCA argued that MAACG must be withholding responsive documents, because – among other things – it had not yet produced the complete loan packages, including all attachments and exhibits, that it submitted to the Small Business Association (SBA) in connection with its applications for two Paycheck Protection Program (PPP) loans and one Economic Injury Disaster Loan (EIDL) during the COVID-19 pandemic. *See* Pl. 8/29/22 Ltr. at 2-4; Tr. of 9/21/22 Conf. (Tr.) (Dkt. 99) at 13:20-14:22. MACCG, for its part, pointed out that none of GCCA's document requests asked for its loan applications, and asserted that the information it submitted in support

2

of those applications – to the extent not already produced to GCCA – did not include "any formal quarterly or annual financial statements (sought by Request No. 9) or analyses, studies, reports, forecasts, budgets, or other documents concerning [its] projected sales and/or profits . . . (sought by Request No. 31)". Def. 9/1/22 Opp. Ltr. (Dkt. 64) at 1-2; *see also* Tr. at 15:12-18:14. MAACG added that the loan application packages (which were submitted online, and might be difficult to reconstruct) also included non-financial supporting documents, such as "someone's driver's license[.]" Tr. at 17:2-16. In the interest of resolving the parties' dispute, however, MACCG offered – during the conference – to turn over "every scrap of paper" submitted with its loan applications, "regardless of whether it contains financial information[.]" *Id*. at 17:16-19.

MACCG had already made a small supplemental document production on August 31, 2022 (two days after GCCA filed its motion to compel), including a copy of its 2021 PPP application, a document showing "gross receipt[s] partially through 2021," and a "payroll information sheet" that had already been produced by its accountants. *See* Tr. at 7:21-13:9; Def. 9/1/22 Ltr. at 2. The parties disagreed, however, as to whether these documents were responsive to Request 9 or Request 31 (and therefore should have been produced earlier), or were turned over in "a showing of good faith," even though they were not "directly responsive to either Request No. 9 or 31." Def. 9/1/22 Ltr. at 2. Since neither party submitted the documents themselves (or clearly established which of them had been previously produced), the Court was unable to resolve this aspect of the parties' dispute.

Similarly, the Court was unable to determine, on the record presented by the parties, whether MACCG had withheld (or was withholding) any financial documents responsive to Requests 9 and 31. For this reason – and because of the "high level of distrust" between the parties, Tr. at 19:18-21 – I took MACCG up on its offer:

> My proposed solution is this. That within a relatively brief period of time, I'm thinking a week, maybe two weeks at the outside, the defendant MACCG will produce with respect to each of these loans[,] the first PPP loan, the second PPP

3

> loan, and the EIDL loan[,] as complete a package as it is able to assemble either from its own files or from going online to what it previously submitted electronically, as complete a package as possible of everything it submitted in connection with those loan applications. And it will – and some of that material may technically not fall within 9 or 31[,] like people's driver's licenses, but submit it anyway so that [GCCA's counsel] can have some comfort that if there was supposed to be an Exhibit A, there is an Exhibit A.
>
> * * *
>
> And that should be accompanied by something[,] not just a letter from a lawyer but by . . . a declaration or affidavit from someone at MACCG who has personal knowledge . . . saying this is it, this is everything I could find in connection with these loans.

*Id*. at 20:10-21:9. Given an opportunity to argue further, counsel for both parties agreed to the Court's proposal. *Id*. at 21:11, 21:22-23. My written order, issued later that day, confirmed these directions and denied the branch of GCCA's motion seeking fees, without prejudice to renewal:

> 1.  <u>RFPs 9 and 31</u>. With respect to each of MACCG's two PPP loans and one EIDL loan, no later than **September 30, 2022**, defendant shall produce the most complete loan application package it can assemble – whether from its own internal files or data stored online by the relevant authorities – including the application and all documents and data submitted in connection with the application, regardless of whether the documents and data would, standing alone, be responsive to RFPs 9 and 31. The production shall be accompanied by a sworn statement by an officer, director, or employee of MACCG with personal knowledge, verifying that the production constitutes everything that MACCG could locate with respect to the loan applications.
>
> * * *
>
> 3.  <u>Fee Application</u>. Plaintiff's request for attorneys' fees and costs in connection with its discovery letter-motion dated August 29, 2022 (Dkt. 63) is DENIED without prejudice to renewal no later than **October 31, 2022**. If plaintiff seeks fees, it must attach its counsel's contemporaneous time sheets and any other documents necessary to evidence the hours for which fees are sought and the actual hourly rate charged to and paid (or owed) by the client for those hours.

9/21/22 Order ¶¶ 1, 3.

MACCG produced additional documents, as directed, on September 30, 2022, including "three loan application packages and a declaration by Debbie Pappas that these were all the documents she could locate." Pl. Ltr. at 3. Thereafter, during the final days of the fact discovery period, GCCA took the deposition of MACCG's Fed. R. Civ. P. 30(b)(6) witness, and MACCG

4

produced one additional document: "the grant of forgiveness of the PPP loan." *Id*. Although GCCA remained dissatisfied with MACCG's production, *see id*. (asserting that GCCA never produced a third PPP application, other unspecified "financial reports," or the documents supporting the forgiven loan), it made no further effort to enforce the 9/21/22 Order or seek sanctions for its alleged violation.

### **The Fee Motion**

On October 31, 2022, GCCA timely filed the instant motion, seeking its fees incurred in making its August 29, 2022 motion to compel (as well as its fees incurred in preparing the fee motion), pursuant to Rule 37(a)(5)(A). Pl. Ltr. at 3. MACCG filed its opposition letter (Def. Opp. Ltr.) (Dkt. 77) on November 3, 2022, and GCCA filed a reply letter (Pl. Reply Ltr.) (Dkt. 79) on November 7, 2022.[2]

### **Rule 37(a)(5)**

When a motion to compel discovery is granted, or when the requested discovery is provided only after the motion was filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court "must not" award fees if any of the following exceptions apply:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

---

[2] On December 9, 2022, this action was stayed pending the outcome of a motion to intervene filed by William Pappas, one of the owners of MACCG. (Dkt. 89.) The intervention motion was denied, and the stay was lifted, on June 2, 2023. (Dkts. 90, 91.)

Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

When a motion to compel discovery is granted in part, and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

## Discussion

GCCA argues that it is entitled to fees because "the two predicates for imposing sanctions [under Rule 37(a)(5)(A)] are met, and neither of the exceptions to the imposition of sanctions apply." Pl. Ltr. at 4.[3] MACCG begins with the exceptions, arguing that no fees should be assessed because its conduct was "substantially justified and the circumstances at play make an award of expenses entirely unjust." Def. Opp. Ltr. at 2.

The Court begins, however, by considering whether plaintiff's fee application is governed by Rule 37(a)(5)(A) at all. Subsection (A) applies "[i]f the motion is granted – or if the . . . requested discovery is provided after the motion was filed." Fed. R. Civ. P. 37(a)(5)(A). If those predicates are met, an award of fees is "the norm, not the exception," *Seena Int'l, Inc. v. One Step Up, Ltd.*, 2016 WL 2865350, at *11 (S.D.N.Y. May 11, 2016), and the non-moving party must convince the court, if it can, that "there is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure

---

[3] GCCA also argues, repeatedly, that it is entitled to fees because MACCG failed to produce all of the documents required by the 9/21/22 Order. *See* Pl. Ltr. at 1 (describing MACCG's "continued, willful disregard of its discovery obligations and the Court's dictates"); Pl. Reply Ltr. at 2 (arguing that the testimony of MACCG's Rule 30(b)(6) witness "confirm[ed] Plaintiff's suspicion that clearly responsive documents were never produced"). The question now before the Court, however, is whether GCCA should be awarded fees pursuant to Rule 37(a)(5) in connection with *obtaining* the 9/21/22 Order. If MACCG later violated the same Order – which it denies, *see* Def. Op. Ltr. at 2 – GCCA's remedy, if any, would be a motion pursuant Fed. R. Civ. P. 37(b)(2)(A) (governing sanctions for "not obeying a discovery order"). GCCA never made that motion. Moreover, GCCA submits no admissible evidence – only the unsworn assertions of its counsel – to show that MACCG failed to comply fully with the 9/21/22 Order. Consequently, in determining the motion now before the Court, I have not considered GCCA's allegations concerning MACCG's discovery conduct after September 21, 2022.

request, or [that] there exists a genuine dispute concerning compliance." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 159 (S.D.N.Y. 2012) (internal quotation and citations omitted). But if the motion to compel was granted only in part, subsection (C) applies, in which case "the award of fees and costs is discretionary." *S.C. Johnson & Son, Inc. v. Henkel Corp.*, 2020 WL 5640528, at *12 (D. Conn. Sept. 22, 2020) (Merriam, M.J.); *accord Prudential Ins. Co. of Am. v. Payne*, 2022 WL 393633, at *2 (E.D.N.Y. Feb. 9, 2022); *MASTR Adjustable Rate Mortgages Trust 2006–OA2 v. UBS, Real Estate Securities Inc.,* 2013 WL 5437354, at *2 (S.D.N.Y. Sept. 27, 2013).

In its underlying motion to compel, GCCA sought an order directing MACCG to produce "all documents within its possession, custody and control responsive to Request Nos. 9 and 31, including the financial information submitted to obtain the PPP and EIDL loans from the Small Business Association." Pl. 8/29/22 Ltr. at 3. The Court, however, issued a narrower order, limited to MACCG's application packages for the "two PPP loans and one EIDL loan" discussed during the discovery conference. 9/21/22 Order ¶ 1. Moreover, the Court's decision was based to a significant degree on MACCG's willingness to produce those packages – bringing the parties' latest discovery dispute to a close – even though GCCA never requested the production of the applications themselves,[4] and even though the attachments included non-financial documents and data that would not, "standing alone, be responsive to RFPs 9 and 31." *Id*. Thanks to MACCG's offer, the Court was not required to – and did not – resolve the parties' "genuine dispute concerning compliance." *Ritchie Risk-Linked Strategies*, 280 F.R.D. at 159. Nor, for that matter, did the Court make any finding that the documents produced by MACCG on August 31, 2022, were responsive

---

[4] GCCA was aware of the EIDL loan at least as early as April 7, 2022. (*See* Dkt. 49 at 3.) Yet it never served a document request seeking MACCG's loan applications.

to Request 9 or Request 31, and thus constituted "requested discovery" that was "provided after the motion was filed." Fed. R. Civ. P. 37(a)(5)(A).[5]

Because the motion to compel was granted only in part, GCCA's fee motion is "governed by Rule 37(a)(5)(C) as opposed to Rule 37(a)(5)(A)," *Perros v. Cnty. of Nassau*, 2021 WL 4480666, at *7 (E.D.N.Y. Sept. 30, 2021), permitting the Court to apportion fees in its discretion. And because GCCA obtained a "mixed result," without any actual finding of discovery misconduct by MACCG, it is appropriate that each side bear its own expenses in connection with the motion to compel. *See id*. at *8 (collecting cases); *Tromblee v. State of New York*, 2022 WL 2818222, at *27 (N.D.N.Y. July 19, 2022) ("As the motion is being in granted in part and denied in part, and that result is due to both parties' insufficiencies, monetary sanctions are not warranted."); *Country Home Prod., Inc. v. Banjo*, 2016 WL 9344261, at *5 (D. Vt. Nov. 14, 2016) (declining to award fees in light of, among other things, "this court's inability to fully evaluate the extent to which discovery may have been produced"); *Schanfield v. Sojitz Corp. of Am.*, 258 F.R.D. 211, 217 (S.D.N.Y. 2009) (leaving each party to bear its own costs "given the mixed results of the motion and the history of discovery disputes in which neither side has consistently prevailed"). I therefore do not consider what portion of the $30,608.50 sought by GCCA would be "reasonable." Fed. R. Civ. P. 37(a)(5)(A).

---

[5] Even if it were clear that the documents produced on August 31 should have been produced earlier, that would not bring the instant fee application within Rule 37(a)(5)(A). The branch of subsection (A) precluding apportionment if the "requested discovery [was] provided after the motion was filed" applies when the production moots the motion by "put[ting] the movant in the position it would have been in had the motion to compel been granted in its entirety." *S.E.C. v. Yorkville Advisors, LLC*, 2015 WL 855796, at *4 (S.D.N.Y. Feb. 27, 2015). Where, as here, the production "failed to fully satisfy the defendants' discovery request and did not moot [the] motion to compel," Rule 37(a)(5)(A) is "inapplicable." *Id*.

**Conclusion**

For the reasons set forth above, plaintiff's letter motion at Dkt. 75 is DENIED. No award of fees will be made in connection with its August 29, 2022 motion to compel discovery.

Dated: New York, New York
      October 24, 2023        SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**