UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
GCCA, LLC,

    Plaintiff-Counterclaim Defendant,

              vs.

MACCG, LLC,

    Defendant-Counterclaim Plaintiff.
------------------------------------------------------------x

No. 1:21-cv-05022-JGK

**(PROPOSED) FINAL JUDGMENT AND PERMANENT INJUNCTION**

    It is hereby ORDERED, ADJUDGED, AND DECREED: That for the reasons stated in the Court's Memorandum Opinion and Order dated February 28, 2024 (ECF No. 156), Judgment is entered as follows:

    On the Complaint of Plaintiff GCCA LLC ("GCCA"): MACCG, LLC has violated GCCA's rights under 15 U.S.C. §1114, 15 USC §1125(a), and common law unfair competition by infringing GCCA's TAVERNA KYCLADES trademarks. Judgment is entered in favor of GCCA on its first cause of action for trademark infringement under 15 U.S.C. §1114, on its second cause of action for unfair competition under 15 U.S.C. §1125(a), on its fourth cause of action for common law unfair competition.

    MACCG, LLC does not have any rights to, or ownership in, the TAVERNA KYCLADES trademarks. MACCG's use of the TAVERNA KYCLADES trademarks with respect to the restaurant at 228 First Avenue in the East Village neighborhood of Manhattan constitutes unfair competition. MACCG's Counterclaims are dismissed with prejudice.

    Defendant MACCG, together with all of Defendant's officers, agents, servants, employees, representatives, and assigns, and all other persons, firms, or companies in active

087676\3\170601498.v3

concert or participation with Defendant, are permanently enjoined and restrained from directly or indirectly:

(a) providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise, or promote any goods or services bearing the marks TAVERNA KYCLADES or the TAVERNA KYCLADES design mark, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the TAVERNA KYCLADES trademarks;

(b) engaging in any activity that infringes Plaintiff's rights in its TAVERNA KYCLADES trademarks;

(c) engaging in any activity constituting unfair competition with Plaintiff GCCA;

(d) making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

(e) using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods, or services with Plaintiff or tend to do so;

(f) registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the TAVERNA KYCLADES trademarks or any other mark that infringes or is likely to be confused with Plaintiff's TAVERNA KYCLADES trademarks, or any goods or services of Plaintiff, or Plaintiff as their source; and

(g) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by (a) through (f).

Not later than fourteen (14) days after the date that this Judgment and Permanent Injunction is entered by the Court, Defendant shall cease all infringing uses of the TAVERNA KYCLADES trademarks and shall file with the Court and serve upon Plaintiff's counsel a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied therewith. If

MACCG breaches any terms of the Final Judgment and Permanent Injunction, then GCCA shall be entitled to recover its reasonable attorneys' fees and costs incurred in seeking enforcement of the Final Judgment and Permanent Injunction.

This Court shall retain jurisdiction of the Final Judgment and Permanent Injunction, and any motion or application seeking its enforcement shall be directed to this Court.

**IT IS SO ORDERED**

Dated: _____

/s/ _____

Honorable John G. Koeltl
United States District Court Judge