IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GCCA, LLC, | : | |
| | : | |
| Plaintiff-Counterclaim Defendant, | : | NO.: 1:21-cv-05022-JGK-BCM |
| | : | |
| vs. | : | |
| | : | |
| MACCG, LLC, | : | |
| | : | |
| Defendant-Counterclaim Plaintiff. | : | |
| | : | |

**(PROPOSED) FINAL JUDGMENT AND PERMANENT INJUNCTION**

It is hereby ORDERED, ADJUDGED, AND DECREED: That for the reasons stated in the Court's Memorandum Opinion and Order dated February 28, 2024 (ECF No. 156), Judgment is entered as follows:

On the Complaint of Plaintiff GCCA LLC ("GCCA"): MACCG, LLC ("MACCG") has engaged in common law unfair competition and violated GCCA's rights under 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a) by infringing GCCA's TAVERNA KYCLADES word mark and TAVERNA KYCLADES design mark featured below:



(the TAVERNA KYCLADES word mark and the TAVERNA KYCLADES design mark are referred to collectively herein as the "TAVERNA KYCLADES Trademarks"). The TAVERNA KYCLADES Trademarks are used in connection with restaurant services.

Given the foregoing, judgment is entered in favor of GCCA on its first cause of action for trademark infringement under 15 U.S.C. §1114, on its second cause of action for unfair

competition under 15 U.S.C. § 1125(a), and on its fourth cause of action for common law unfair competition.

MACCG does not have any rights to, or ownership in, the TAVERNA KYCLADES Trademarks. MACCG's Counterclaims are therefore dismissed with prejudice.

MACCG, together with all of MACCG's officers, partners, agents, servants, employees, representatives, and assigns, and all other persons, firms, or companies in active concert or participation with Defendant, are permanently enjoined and restrained from directly or indirectly:

    (a) providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise, or promote any goods or services bearing the TAVERNA KYCLADES Trademarks, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the TAVERNA KYCLADES Trademarks, in connection with restaurant services;

    (b) engaging in any activity that infringes GCCA's rights in its TAVERNA KYCLADES Trademarks;

    (c) engaging in any activity involving the TAVERNA KYCLADES Trademarks which constitutes unfair competition with GCCA;

    (d) making or displaying any statement, representation, or depiction relating to the TAVERNA KYCLADES Trademarks that is likely to lead the public or the trade to believe that (i) MACCG's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with GCCA or (ii) GCCA's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with MACCG;

    (e) registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the TAVERNA KYCLADES Trademarks in connection with restaurant services; and

    (f) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by (a) through (e).

Not later than ninety (90) days after the date that this Judgment and Permanent Injunction is entered by the Court, MACCG shall cease all infringing uses of the TAVERNA KYCLADES Trademarks.

This Court shall retain jurisdiction of the Final Judgment and Permanent Injunction, and any motion or application seeking its enforcement shall be directed to this Court.

**IT IS SO ORDERED**

Date: March ____, 2024                    _____
                                          Honorable John G. Koeltl
                                          United States District Court Judge